### DAGGETT *against* THE STATE OF CONNECTICUT :

#### IN ERROR.

Penal statutes must be construed strictly as against the citizen ; and it is not sufficient that the offence charged be within the mischief, which the legislature intended to prevent or redress, if it be not within the words, which they have used.

Therefore, where a statute prohibited, within certain limits, the erection of wooden buildings, and of wooden additions to buildings already erected, having *in* them a chimney or fire-place ; and the party had erected, within such limits, an addition to an old building, and had placed a chimney and fire-place entirely *without* such addition, but looking into it, and

fitted solely for its accommodation; it was held, that these acts constituted no violation of the statute.

This was an information brought before the county court for *New-Haven* county, against *Henry Daggett*, Esq. for a violation of the statute " to secure the city of *New-Haven* from damage by fire." (*a*) There were two counts : The first charged the defendant with having put up an *addition* to a shop previously built, and the second, with having erected a *dwelling-house*, each having therein a chimney and fire-place ; which addition and dwelling-house were, in the outer walls thereof, composed entirely of wood.

More than twenty years ago, the defendant erected, within the limits mentioned in the statute, a wooden building, the first story of which was used partly for a shop, and partly for an office, and the second story, for lodging-rooms for students. In this building, there was erected, and has ever since been, a chimney, with several fire-places in it. In the summer of 1820, the defendant made an addition of 11 feet, 6 inches, to the North end of the building, of the same width and height with it ; the outside walls of such addition being entirely of wood. By means of this addition, an apartment was made 13 feet long and 11 feet wide, consisting partly of the addition, and partly of a portion of the old building. In that part of this apartment, which consisted of the old building, the defendant erected a chimney and fire-place, opening into the apartment, and fitted for its sole use and accommodation, but not extending in any point as far as the line of the addition. The building was thus altered, for the purpose of fitting it for

(*a*) Passed *October*, 1815. The title is, " An act to secure the city of *New-Haven* from damage by fire." The first section is as follows : " That from and after the first day of *January*, 1817, all meeting-houses and dwelling-houses to be erected in said city, within the limits hereinafter described, and all other buildings to be erected within said limits, having in them a chimney, fire-place or stove, shall, in their outer walls, be composed of brick and mortar, or stone and mortar ; and from and after said first day of *January*, 1817, all additions to be made to houses, or other buildings, already erected, or hereafter to be erected, within the same limits, shall, in their outer wall, be composed of brick and mortar, or stone and mortar ; provided that in such addition there shall be placed a chimney, fire-place or stove." The second section specifies the limits ; the third inflicts a penalty of from 100 to 1000 dollars ; and the fourth subjects the offender, annually, forever, to a four-fold assessment, on dwelling-houses, and to an assessment of 30 dollars, on other buildings.

Daggett
*v.*
State.

a dwelling-house, and the whole, except the shop in the front part, has since been used for that purpose.

On these facts the attorney for the state claimed, that the court ought to instruct the jury, that the defendant was guilty of the offence charged; and the court instructed them accordingly. A verdict being given against the defendant, he filed a bill of exceptions to the direction; and thereupon brought a writ of error in the superior court; which was reserved for the advice of all the Judges.

*Daggett* and *Denison,* for the plaintiff in error, contended, That the facts disclosed, supported neither count in the information.

First, the defendant has not erected a *dwelling-house* contrary to the prohibition of the statute. The " building" was erected previous to the passing of the act; and the mere conversion of a building already erected, from one use to another, is not prohibited.

Secondly, the defendant has not made an *addition* to a building already erected, there being " in such addition, a chimney, fire-place or stove." The chimney and fire-place made in the old building, were entirely *without* the addition. Nor is it sufficient to bring this case within the statute, that the only use of the chimney and fire-place was to *accommodate* the addition. The legislature have not prohibited such accommodation. They might have had good reasons for stopping where they did. At any rate, it is enough for the defendant, that they *have* stopped there. The statute is in derogation of the common rights of the citizen, and is highly penal. It must, therefore, receive a strict construction as against him. 1 *Bla. Comm.* 88. 1 *Swift's Syst.* 50. *Schooner Paulina's Cargo* v. *United States,* 7 *Cranch* 61. *Richard Cooke's* case, *Leach's C. L.* 109. *The United States* v. *Sheldon,* 2 *Wheat.* 119. *The Commonwealth* v. *Carrol,* 8 *Mass. Rep.* 490.

*N. Smith* and *Ingersoll,* contra, remarked, that although a penal statute cannot be extended, by construction, so as to embrace cases not within the intention of the legislature, yet that intention, as evinced by the whole statute, a court of justice will carry into effect, and that the intention of the legislature, apparent from the statute in question, was " to secure the city of *New-Haven* from damage by fire," in consequence of the erection of wooden buildings, or wooden addi-

tions, having in them a chimney, fire-place or stove. They then contended,

*New-Haven,*
July,
1821.

Daggett
*v.*
State.

1. That the defendant had erected a *dwelling-house*, within the meaning of the statute, having in it a chimney and fire-place. Here was no dwelling-house, before the act complained of. The defendant made one, in which he placed a chimney and fire-place, partly from the old building, and partly by the addition of new materials. The putting of the old building and the addition together, and the fitting of them, united, for the purpose of a dwelling-house, was the erection of a dwelling-house.

2. That the defendant had made an addition to a building before erected, with a chimney, or at least a fire-place, in such addition. The relation denoted by the word *in*, is different, when used in different connexions, and applied to different subjects. It does not always denote *place*; and when it does, the locality is more or less strict, according to the subject matter. We say, with perfect propriety, that a fire-place or stove is *in a room*, when it is so placed as to warm and accommodate the room. This is the construction that common sense gives to the expression. It is the only one that will effectuate the object of the legislature. The contrivance of the defendant is an *evasion* of the law, too palpable to be sanctioned by a court of justice. Should it succeed, it would manifestly contravene the intention of the legislature; for the danger from fire is precisely the same, whether the chimney and fire-place be on one side, or the other, of the room.

HOSMER, Ch. J. The rule has long been established, that penal statutes must be construed strictly. *Reniger* v. *Fogossa*, 1 *Plowd.* 17. *Cone* v. *Bowles*, 1 *Salk.* 205. 1 *Bla. Comm.* 88. More correctly it may be said, that such laws are to be expounded strictly against an offender, and liberally in his favour. This can only be accomplished, by giving to them a literal construction, so far as they operate penally; or at most, by deducing the intention of the legislature from the words of the act. *Heydon's* case, 3 *Co. Rep.* 7. *The King* v. *Gage*, 3 *Mod.* 64. In extension of the letter of the law, nothing may be assumed by implication; nor may the mischief *intended* to be prevented or redressed, as against the offender, be regarded in its construction. It was the object of the principle, to establish a certain rule, by conformity to which mankind

New-Haven,
July,
1821.

Daggett
v.
State.

should be safe, and the discretion of the judge limited.    How much this must contribute to the security and enjoyment of the citizen, is too palpably obvious to require illustration. Upon the before mentioned principle, it has been adjudged, that an act made to punish the person who stole a *cow*, is not applicable to him who steals a *heifer ; Richard Cooke's* case, *Leach's C. L.* 109. and a law prohibiting the transportation of provisions in any wagon, or otherwise, to an enemy, is not infringed, by driving fat oxen on the leg.    *The United States* v. *Sheldon*, 2 *Wheat.* 119. That the mischiefs at which these laws were aimed, existed, in both the cases alluded to, is past a question ; but the acts prosecuted not being within the words of the legislature, were considered as not within the prohibitions of the laws.    I will only add, that the moment the strict construction of penal laws is abandoned, the difference between their interpretation, and that of remedial laws, must terminate, as there is no middle ground between them.

The act on which the prosecution of the defendant is founded, prohibits the erection of wooden buildings within certain limits, and of all wooden additions to buildings already erected, having *in them* a chimney, fire-place or stove.    The addition to the building of the defendant, already erected, *had not* a chimney, fire-place or stove *within it ;* but the chimney was *without* the addition, although made for its accommodation.    The words of the statute, according to their right comprehensive meaning, have not been violated ; and nothing short of a liberal construction of the act, as if it were a remedial law, can subject the defendant.    Had the legislature anticipated the case before the court, it is not improbable, that they would have employed expressions prohibitory of the act which is prosecuted.    Such expressions, however, do not exist ; and the statute, therefore, has not been violated.

I would advise a reversal of the judgment.

The other Judges were of the same opinion, except BRAINARD, J. who was absent.

Judgment to be reversed.