## TOWNSEND *against* HOADLEY.

Where the defendant in an action of debt for a forfeiture, was charged, in one count, with having erected, on the 1st of *July*, 1836, a barn, within the fire limits of the city of *New-Haven*, and having put therein a chimney and fire-place, the outer walls of which barn were not composed of brick and mortar, or stone and mortar ; and in another count, with having used such building as a barn and stable ; it was held, that if the offence charged had been committed, the city treasurer was, by virtue of the statute of 1836, entitled to sue for the forfeiture.

But where the defendant, by virtue of a written contract with a builder, procured a building to be erected, with a chimney and fire-place therein, for a barn, and used it as such, within the fire limits of the city of *New-Haven*, the outer walls of which were composed entirely of brick and mortar, with a deep-laid foundation of stone ; and contiguous thereto, he also procured to be erected, under the same contract, a building composed of wooden materials, for a carriage-house, and used it for that purpose only,

which rested on sills, and was connected with the first mentioned building only by the upper end of its rafters resting on the wall-plate of that building, and the line of the roof of one being a continuation of that of the other; it was held, that these were distinct buildings, and the defendant, by their erection and use, incurred no forfeiture.

THIS was an action of debt, brought by *Amos Townsend,* jun., as treasurer of the city of *New-Haven,* to recover of the defendant the penalty or forfeiture incurred by a violation of the fire laws. There were three counts in the declaration.

In the first it was alleged, That at the city of *New-Haven,* and within that part of said city comprehended within the fire limits established by a statute law of the state, approved *June* 3rd, 1834, the defendant, on the 1st of *July,* 1836, unlawfully erected and built on land occupied by him, on the *North* side of *Court-street,* in said city, a certain new building, commonly called a barn, in which the defendant, on said 1st of *July,* 1836, placed and erected a chimney and fire-place for the burning of wood and coal; in which said chimney and fire-place, wood and coal were burned, by the defendant, on said 1st of *July,* 1836; which said new building was of the length and breadth of about forty feet, and of the height of about twenty feet, having outer walls on four sides thereof; and said new building, in the outer walls thereof, when so erected and built, by the defendant, and when said wood and coal were so burned in said chimney and fire-place, were not entirely composed of brick and mortar or stone and mortar; but one of said outer walls was entirely composed of wood and wooden materials, contrary to the form of the statute in such case made and provided.

The second count varied from the first, by alleging, that the defendant, on said 1st of *July,* 1836, in said city, and within the fire limits aforesaid, unlawfully used and occupied said building, commonly called a barn, as a barn and stable, for the keeping of horses and depositing hay therein; which said building, at the time it was so used and occupied by the defendant, as a barn and stable for the keeping of horses and depositing of hay therein, had four outer walls, which were not, when so as aforesaid used by the defendant, composed of brick and mortar, or stone and mortar, but one of said outer walls was entirely composed of wood and wooden materials; and said building was not, on the 29th of *May,* 1829, used as a

barn or stable, or for the purpose of depositing therein hay, straw stalks or husks, and had not been so used before that time.

New-Haven,
July, 1838.

Townsend
v.
Hoadley.

The third count was not materially different from the second, except that it omitted the word "barn," and described the building in question as being commonly called a *stable*, and averred that the defendant used it as such.

The cause was tried at *New-Haven, January* term, 1838, before *Waite*, J.

In the *Spring* of the year 1836, the defendant made a contract with a builder, to erect a building for him on a lot fronting on *Court-street*, within the fire limits as described in the statutes revised in 1821, according to the following specification, *viz.* : " Specification for a barn to be built in *Court-street*. The building to be twenty-six feet front by sixty feet rear. The foundation to be of rock stone, to commence eighteen inches below the present surface, sixteen inches thick, carried to the height of the pavement. The outer walls to be of brick, fifteen feet high ; to be a cellar under the front, ten by twenty-six feet, seven feet deep ; a flue for a stove-pipe, carried up in the wall. The roof to be well trussed and braced. The wall-plates four by seven, purlines five by six, rafters three by four and five. There is to be a shed for a carriage-house, fourteen by sixty feet, as per plan. The sides and rear to be covered with merchantable boards, lapped, the front ceiled with narrow boards, the roof covered as the main building, the sills to lie level with the pavement ; to be completed by the first of *May*, 1836."

This contract was fulfilled, at the time specified, according to its terms. The upper end of the rafters of the shed rested on the wall-plate of the main building ; but they were not otherwise connected with its rafters. The covering of the roof, however, was in continuation from the ridge of the barn to the eaves of the shed. The brick building was first erected, and then the shed. There was no door to communicate between them. Above the wall-plate adjoining the shed, there was no cornice to fill up the spaces between the rafters. The shed rested on a foundation distinct from that of the walls of the main building. On the 10th of *May*, 1836, the defendant used the barn, the walls of which were of brick, as a barn and stable, and also used the shed as a carriage house alone ; and

has ever since continued to use them in this manner; he having kept, during all this period, a livery stable there.

The plaintiff's counsel thereupon insisted, that the erection and use of the premises, by the defendant, in this manner, were in violation of the statute referred to in the declaration; and that the plaintiff was entitled to recover the penalty incurred thereby. The defendant's counsel, on the other hand, insisted, that such erection and use of the premises were not in violation of said statute, but were lawful; and that no penalty or forfeiture was incurred thereby. He also insisted, and prayed the court to instruct the jury, that inasmuch as the premises were completed and the use thereof commenced, by the defendant, prior to the passing of the act entitled "An Act to secure the city of *New-Haven* from danger by fire," approved *June* 3rd, 1836, and had been continued uninterruptedly to the present time; if any penalty or forfeiture had been incurred thereby, it could be sued for only by the treasurer of the county of *New-Haven*, and not by the plaintiff. The defendant also insisted, and claimed that the court should instruct the jury, that if he had incurred any penalty, by the use of the premises, it was incurred under and as a violation of an act to secure the city of *New-Haven* from damage by fire, passed *May*, 1829, and not under the act referred to in the plaintiff's declaration, passed *May*, 1834; and that the penalty was not given to the plaintiff, as treasurer of the city, by the act approved *June* 3rd, 1836, but remained, as before the passing of that act, to the treasurer of the county of *New-Haven.*

The court did not so charge the jury, but, on the contrary, instructed them, that if they should find, that the premises, so erected and used by the defendant, constituted one building, having one of its outer walls of wood, their verdict must be for the plaintiff; but if they should find, that the premises consisted of a barn having its outer walls of brick and mortar, and of a shed distinct therefrom, their verdict must be for the defendant.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial, for a misdirection, and on the ground that the verdict was manifestly against the evidence in the cause.

*Baldwin,* in support of the motion, contended, 1. That as the building was erected and completed in *May,* 1836, the penalty was incurred, if at all, *before* the act of *June,* 1836, under which the plaintiff, as treasurer of the city, must claim. Consequently, he has no right of recovery on the first count.

*New-Haven,*
July, 1838.

Townsend
*v.*
Hoadley.

2. That as the second and third counts are for penalties which were incurred, if at all, under the act of 1829, and not under the act of 1834 ; and as the act of 1836 gives to the city treasurer only the penalties incurred under the act of 1834 ; these penalties belong to the county treasurer, and not to the plaintiff. The act of 1829 is not expressly or impliedly repealed, by the act of 1834. It is not repugnant to it. On the contrary, it extends its operation to larger limits. 11 *Co.* 63. 1 *Bla. Com.* 89. *Williams* v. *Pritchard,* 4 *Term Rep.* 3. Within the old limits, the act of 1834 adds nothing to the force of the act of 1829. That act operates there, by its own force : in the space beyond, it operates by force of the extension by the act of 1834. It is not re-enacted : but the act of 1834 adds to the old limits, and gives it the same force, within the extended limits, as if it were re-enacted. But this offence was committed, if at all, within the limits described in the act of 1829 ; and consequently, it incurred the penalty given, by that act, to the county treasurer. The only forfeiture inflicted by the act of 1834, is by the 3rd section, for erecting a chimney, fire-place or stove, in a building whose walls are not of brick. All other forfeitures, if within the old limits, are incurred under the act of 1821, or that of 1829, *exclusively.* If the act of 1829 was repealed, there could be no prosecution for using a building as a barn within the *old* limits ; nor indeed, within the extended limits. The expression in the act of 1834, is not, that the act of 1834 shall have the same force within the extended limits as if the act of 1829 were re-enacted, or as that act had within the old limits ; but that the act of 1829 shall have, in the enlarged limits, the same force *as if* it were re-enacted.

It results necessarily, that the use of this barn, as such, incurs no forfeiture under the act of 1834 ; but, if at all, under the act of 1829. Therefore, the penalty belonged to the county treasurer, and not to the plaintiff ; and the defendant ought,

New-Haven,
July, 1838.

Townsend
v.
Hoadley.

by direction of the court, to have been acquitted on all the counts.

3. That the verdict was against the evidence. The barn has its outer walls of brick, with a shed attached to it: its erection and use were not in violation of the law.

*C. A. Ingersoll*, contra, contended, 1. That by virtue of the laws in force at the commencement of this action, the plaintiff was entitled to bring it, as treasurer of the city of *New-Haven*. To determine this point, it is necessary to look at the several statutes on this subject. *Stat.* 122. (ed. 1821.) *May* 29th, 1829. *June* 3rd, 1834. *June* 3rd, 1836. The act of 1836 gives all fines and forfeitures incurred by violations of the act of 1834, (which before that time belonged to the county treasurer,) to the city treasurer. The allegations in the first count of the declaration are within the express prohibitions of the 3rd section of the act of 1834, as well as within the 1st section of the act of 1821. A penalty, then, was incurred by the defendant, under the first count of the declaration. Who has right to sue for it? It was incurred on the 10th of *May*, 1836. The act giving the right of action to the city treasurer, was passed on the 3rd of *June*, 1836. This act gives a right to the city treasurer to sue for penalties, which *had been* incurred, as well as for penalties which should thereafter be incurred. The language of the act is, "all fines and forfeitures *incurred*,"—not all fines and forfeitures which shall hereafter be incurred. This act operates upon the *past*, as well as the future. It is a mere transfer of jurisdiction. It created no new offence, but provided a different remedy; and this different remedy was to apply to *past*, as well as to future offences.

The penalty to recover which, the second and third counts are framed, was incurred subsequent to the passage of the act of *June* 3rd, 1836. The acts of the defendant, as charged in these two counts, were first made an offence, by the statute of the 29th of *May*, 1829. This statute was incorporated in and made a part of that of the 3rd of *June*, 1834, to the same extent as if its provisions had been recited therein, in so many words. The legislature intended to embody all the *New-Haven* fire-laws in one act, giving the same penalty and prescribing the same remedy. As the act of 1829 was thus

made a part of and was incorporated in the act of 1834, a violation of the former is of course a violation of the latter. The legislature in 1836 provided, that all fines and forfeitures incurred by the violation of the act of 1834, should belong to the treasurer of the city of *New-Haven*, and should be " recovered by action of debt in the name of the treasurer of said city." The facts set forth in these two counts, were, therefore, in violation of the act of 1834; and consequently, the penalty is recoverable by action of debt in the name of the city treasurer.

2. That the verdict was not so manifestly against evidence, as to authorize the court to grant a new trial.  The power to grant a new trial should be exercised only in *clear* cases,— where the verdict was *palpably* against the evidence.  *Bartholomew* v. *Clark*, 1 *Conn. Rep.* 472.  *Johnson* v. *Scribner*, 6 *Conn. Rep.* 185.  *Lafflin* v. *Pomroy*, 11 *Conn. Rep.* 446.  *Bacon* **v.** *Parker*, 12 *Conn. Rep.* 212.  Generally, when the power has been exercised, it has been when the *conclusion of law* from the whole evidence was contrary to the verdict.  *The Eagle Bank* v. *Smith*, 5 *Conn. Rep.* 71. *Nichols* v. *Alsop*, 6 *Conn. Rep.* 477.  *Bacon* v. *Brown*, 9 *Conn. Rep.* 334.

Further; when justice has been done, the court will not grant a new trial.  In this case, justice has been done; inasmuch as the doings of the defendant are within the *spirit* of the law.  They are, indeed, both within the spirit and the letter.  The court will, therefore, not disturb the verdict.

CHURCH, J.  1.  It becomes necessary, for the purpose of understanding the first question raised under this motion, to recur to the provisions of several statute laws enacted to preserve the cities of *Hartford* and *New-Haven* from fire.

By the law on this subject, as it appears in the revised statutes of 1821, *sec.* 1. it was enacted, that all buildings having a chimney, fire-place, or stove, to be thereafter erected within certain defined limits in the cities of *Hartford* and *New-Haven*, should have the outer walls composed entirely of brick or stone and mortar.  By the 4th section, a penalty or forfeiture of not less than one hundred nor more than one thousand dollars, is imposed for a violation of this law, payable to the treasury of the county.  As the barn here described was erected within the aforesaid limits, it fell within the operation

*New-Haven,*
*July, 1838.*

Townsend
*v.*
Hoadley.

<div style="margin-left:note">New-Haven,<br>July, 1838.<br><br>Townsend<br>v.<br>Hoadley.</div>

of the aforesaid act, if the shed described in the motion was a part of the barn ; because the outer walls of this shed were of wood. The first count in the declaration applies to a case under this statute.

The act of 1829 directs, that no building in the city of *New-Haven,* within the same fire limits, *shall be used* as a barn or stable, unless built in the manner prescribed by the former statute ; and imposes the same penalty, payable to the county treasury. The second and third counts in the declaration are adapted to the violation of this act.

Unless these enactments have, by subsequent statutes, been so altered, modified or embodied into other acts, as to give the penalties imposed to the city treasury, instead of the treasury of the county, this action cannot be sustained.

The statute of 1834, *sec.* 1. established new and more extensive fire limits in the city of *New-Haven,* including within the new boundaries, the limits defined by the statute of 1821, as well as additional contiguous territory. *Sec.* 2. extends the foregoing provisions of the laws of 1821 and 1829 to the whole of the fire limits established by the first section, and declares, that they "shall have the same force, and be of the same effect within said limits, as though herein enacted and made part of this act." *Sec.* 3. enacts, that "no chimney shall be built or placed in any meeting-house, dwelling-house, or other building already erected, or hereafter to be erected, within the limits described in the first section of this act, unless the outer walls thereof be entirely composed of brick and mortar or stone and mortar," &c. and imposes a penalty of the same amount as in former statutes, payable to the county treasury.

The statute of 1836 directs, that "all fines and forfeitures, which shall hereafter be recovered under and by virtue of the aforesaid statute of 1834, shall belong to the treasurer of the city of *New-Haven,* for the use of the fire department thereof, instead of the treasurer of the county, as is now by law provided."

If the penalty or forfeiture for which this suit was brought, was incurred under and by virtue of the act of 1834, as the plaintiff claims, the action is properly prosecuted, by the treasurer of the city of *New-Haven,* as plaintiff. We admit the propriety of this claim. The building complained of was erected within the fire limits, as described in the statute of

1834, after the passage of that act; and if the shed be part of it, has been used in violation of the provisions of the act of 1829, which had become in effect incorporated into the act of 1834, and made part of it.

But the defendant contended, that as this building was erected and used upon the fire limits, as fixed by the statute of 1821, the penalty, if any is recoverable, has been incurred under and by virtue of the statute of 1821, or the act of 1829, and not under the law of 1834; inasmuch as those acts have never been repealed, but are, by the act of 1834, recognized as now existing; and therefore, the county treasurer only can sustain this action. We do not accede to this construction of these statutes. The act of 1834 declares, that the sections of the statutes of 1821 and 1829 before referred to, shall have the same force and effect within the fire limits established by that act, as if enacted and made part of it. By which was intended, that in effect, the sections mentioned should be considered as much a part of the act of 1834, as if they had been incorporated into it *in extenso.* The fire limits of the city of *New-Haven* consisted of but one entire territory,—that established by the statute of 1834. The limits described in the act of 1821, had ceased to exist independently of those established in 1824: the former had become merged in the latter. It would be a very forced construction of these statutes to say, that they had established two distinct and yet contiguous territories, and subjected them to the operation of different laws. And no conceivable reason could have existed to induce the legislature to create such a conflicting state of things.

Whether the construction which we adopt, gives to the act of 1834, in any respect, a retroactive effect, or what would be the consequences, if it does, we need not determine. We are entirely of opinion, that if the defendant has been guilty of the violation of any law, it is that of 1834; and if any penalty has been incurred, that the city treasurer alone can sue for it.

2. But we think that the jury misapprehended the evidence in this case, and that no penalty has been incurred, by the defendant. The barn or stable and the shed, we consider to be distinct structures. The barn had its four outer walls entirely of brick and mortar, and so was erected conformable to law; and the shed is an erection prohibited by no law. These

*New-Haven,*
July, 1838.
——
Townsend
*v.*
Hoadley.

*New-Haven,*
*July, 1838.*

Townsend
*v.*
Hoadley.

statutes are to be construed *strictly.*  *Daggett* v. *The State,* *4 Conn. Rep.* 60.

The contract for the erection of both these buildings was the same contract; but it speaks of the buildings as distinct. The roof of the barn was so continued or projected on one side as to form a roof for the shed; and this is all there is to show, that both constituted parts of one structure; but this is a mere accidental, and not an essential circumstance. Had the shed been erected at a subsequent time, and after the barn had been finished, no one would have considered them as constituting one building.

The barn was placed upon permanent and deep laid foundations. The shed was erected upon sills, laid upon the surface of the ground, as if for a temporary purpose. Their uses were entirely distinct. The brick building was intended for a barn and stable; and it was fashioned, both in its external walls and its internal arrangements, for such uses. The shed was built for a carriage-house, and to be appropriated to no purpose, for which a barn or stable could be used. There was no more communication between these buildings than if they had been erected at a distance from each other. The shed, therefore, was no part of the building intended as a barn or stable, and had no fire-place or chimney in it. We think, therefore, the verdict was against the evidence in the cause; and for this reason, a new trial must be granted.

In this opinion the other Judges concurred.

New trial to be granted.