FLAVIUS A. BROWN, TREASURER OF THE CITY OF HART-
FORD vs. GEORGE A. HUNN.

The removal of a building from one part of a lot to another and its permanent
location in the place to which it is removed, do not constitute an *erection* of
a building within the intent of the statute which forbids the erection of wood-
en buildings in certain cases.

MOTION in error from a judgment of the superior court. The original action was brought to the city court of the city of Hartford by the present plaintiff in error, as treasurer of the city of Hartford, to recover a penalty imposed by statute,

* By an act passed by the General Assembly at its May session, 1858, it was provided that the supreme court of errors should thereafter be holden by all the judges of that court and one judge of the superior court, the latter to be designated for that purpose at a meeting of all the judges. Before the passage of this act the supreme court was holden by three of the four judges of that court,

for the erection of a wooden building within the fire limits of the city, without the license of the common council. The city court rendered judgment for the plaintiff, which judgment the superior court on a writ of error reversed. The plaintiff then brought the record before this court by motion in error. Exception was taken in the city court to evidence offered by the plaintiff and admitted by the court, of the removal by the defendant of a wooden barn from one part of his lot to another within the fire limits of the city, and its permanent location in the place to which it was removed, the defendant claiming that this was not an erection of a building within the intent of the statute.

*Goodman*, city attorney, for the plaintiff in error.

*L. F. Robinson* and *H. C. Robinson*, for the defendant in error.

HINMAN, J.   The original action was brought by the plaintiff in error, as treasurer of the city of Hartford, for the purpose of recovering the penalty imposed by statute for the erection, within the fire limits of the city, of a building, not having its outer walls of brick or stone and mortar, without the license of the common council of the city. The proof was that the defendant removed a wooden barn from the front to the rear of his lot, within said limits, and placed it permanently on the spot to which it was removed. This, it is claimed, was an erection of a wooden building, within the spirit and intent of the statute. We regard this question, however, as having been definitely settled the other way, and in a manner which precludes any review of the decisions with the idea of questioning their correctness. We, therefore, do not feel called upon to enter into the question, further than to say, that we should probably come to the same con-

the other judge serving in the superior court. The act also provided that whenever any judge of the supreme court should be disqualified or unable to sit in any case, a judge of the superior court might be called in to occupy his place, and that not fewer than three judges should sit in any case.

clusion that has heretofore governed the decisions on similar statutes, if we felt at liberty to re-examine the question. Several decisions of our own court, all pointing to the result that such a removal is not an erection of a building within the meaning of a penal statute, and one of them almost identical in its facts with this case, ought surely to settle such a point as this. *Daggett* v. *The State*, 4 Conn., 60. *Booth* v. *The State*, id., 65. *Tuttle* v. *The State*, id., 68. *The State* v. *Brown*, 16 id., 54. It was said in argument, that if such a removal was not the erection of a building contrary to the terms of the statute, parties might build outside the fire limits, and then, by removing their buildings within the city, evade with impunity the penalty imposed for the purpose of protecting the city from danger by fire. If there is any danger of this sort it can be very easily remedied by the legislature. It is obvious, however, that an evasion of the statute in the manner supposed, would present an entirely different case from this, in which there is clearly no increase of fire risk, which there would be in the case supposed. We are not called on now to decide any question of that sort, and it will be soon enough to consider it when it arises. We are of opinion that there was no error in the decision of the superior court, which is therefore affirmed.

In this opinion the other judges concurred.

Judgment affirmed.