## Patrick McDade v. The People.

*Attempt to fire buildings, etc. : Statute construed.* The statute (*Comp. L.*, § 7557) punishing the setting fire to buildings or to any other material with intent to cause any such building to be burnt, or the attempt by any other means to cause any building to be burnt, will not warrant a charge for an attempt based on solicitation alone.

*Informations : Attempt to fire buildings, etc.* The additional allegation in an information charging such an attempt by solicitation, that the defendant also furnished oil and matches to the person solicited to do the firing, does not help to fill up the measure required by the statute, and the charge would be equally as valid without it.

*Construction of statutes.* In construing statutes general terms are subordinated by the sense of preceding and connected particulars; and this rule is especially applicable in the interpretation of statutes defining crimes and regulating their punishment.

*Statute construed.* Applying this rule to the statute in question, it is held to contemplate the employment of some physical means to attempt to cause the building to be burned.

*Submitted on briefs January 14. Decided January 29.*

Error to Alpena Circuit.

*Atkinson & Hawley,* for plaintiff in error.

*Byron D. Ball, Attorney General,* for the People.

GRAVES, CH. J.

This is a writ of error to the circuit court for the county of Alpena.

McDade *v.* People.

The plaintiff in error was convicted and sentenced to the state prison upon the following charge, as embodied in the second count of the information filed against him by the prosecuting attorney:

"And said prosecuting attorney further gives said court to understand and be informed that heretofore, to wit: on the first day of May, in the year of our Lord one thousand eight hundred and seventy-two, at the city of Alpena, in said county, Patrick McDade did willfully, feloniously and maliciously *solicit and invite one Patrick Blaney,* unlawfully and feloniously to set fire to, and burn a certain building, to wit: the warehouse there situate of Lorenzo M. Mason, Charles E. Mason and Benjamin T. Luce, and did then and there, for the purpose aforesaid, *furnish said Blaney with a large quantity of oil, to wit: one pint, and a large quantity of matches, to wit: ten matches, towards the commission of said offense, whereby and by means of the premises* the said Patrick McDade did *attempt* to *cause* said *building* to be *burned,* contrary to the statute in such case made and provided."

It was claimed in the court below, and is now insisted upon here, that the facts set forth in this count do not constitute in law an indictable offense. The charge in the information was framed under § *7557, Comp. L.,* which reads as follows:

"Every person who shall set fire to any *building mentioned in the preceding sections*" (and a warehouse is such building), "or to any other material, with intent to cause any *such building* to be burnt, or *shall* by *any other means attempt to cause any building* to be *burnt,* shall be punished by imprisonment in the state prison not more than fifteen years, or by fine not exceeding one thousand dollars, and imprisonment in the county jail not more than one year."

On recurring to the information it will be observed that the count on which the conviction was had contains no averment that Blaney, the person alleged to have been

solicited to commit the act of setting fire, took any step toward the execution of that act, or did any act whatever which might inculpate the plaintiff in error as accessory.

The charge in the information is made to rest entirely at last upon McDade's conduct in soliciting Blaney to burn the warehouse. The additional circumstance introduced, that he also furnished oil and matches, is not such an one as can be considered an essential ingredient of the substantive offense intended to be set forth. The addition of this fact in no manner helps to fill up the measure required by the statute, and the charge would be as valid without it as with it. If the provision relied on will support such a charge as that actually made, it would equally well support one based on the solicitation, and not attended by the incidents introduced as to the furnishing of oil and matches.

The question, then, is whether this law will warrant a charge based on solicitation. It is a well settled general rule, and one especially applicable in the interpretation of statutes which define crimes and regulate their punishment, that general words are to be restrained to the matter with which the act is dealing, and that if it be dealing with specific things or particular modes only, the general words must be limited to such things or modes, except when it is apparent that the legislature intended by the general words to go further.—*American Transportation Company v. Moore,* 5 *Mich.,* 368 ; *Hawkins v. The Great Western R. W. Co.,* 17 *Mich.,* 57 ; *Matter of the Ticknor Estate,* 13 *Mich.,* 44; *Phillips v. Poland, L. R., 1 C. P.,* 204 ; *Hall v. The State,* 20 *Ohio,* 7 ; *Daggett v. The State,* 4 *Conn.,* 60 ; *Chegaray v. The Mayor,* 3 *Ker.,* 220 ; 1 *Bishop, Cr. L.,* Sec. 149 ; *Dwarris,* 621.

This rule is now invoked to show that the statute in prescribing what should constitute an indictable attempt to cause a building to be burnt, contemplated the employment of some physical means and not merely the soliciting of a third person to set the fire. The counsel for the plaintiff in error argues that the previous members of the

section deal with the physical act of firing the building itself, or of firing some other material with the intent that the building as a consequence shall be burnt, and that the succeeding general expression counted on by the prosecution, " or shall by *any other means attempt to cause any building to be burnt*," must be understood as intending some *means* of the same nature, some physical act either personally by the party himself or through another directed to the end sought.

The attorney general argues that the first and specific portion of the section covers every possible direct and indirect mode of attempt to cause a building to be burnt, excepting an attempt consummated by solicitation, and that therefore in order to give the general clause in the latter part of the section any meaning and operation it is indispensable to read it as explicitly applying to the single fact of malicious solicitation to burn.

Without pausing to adduce illustrations to impugn this position of the prosecution touching the scope of the specific provisions, it is sufficient to say that it cannot be maintained that the particular clauses in the first part of the section include every possible mode other than that consisting of personal solicitation in which a person may set about the burning of a building.

The application of means directly to the building and the application of means directly to some other material, certainly do not exhaust the physical agencies which are possible in attempts to cause buildings to be burnt. Both branches of the passage preceding the general clause relate and are confined to cases where fire is actually set, and it needs no nice reasoning to show that a person may short of this employ physical means of the same nature and in the same direction in attempting to cause the burning. The argument, then, against the position of the plaintiff in error fails.

Passing this topic, we come to other views which deserve notice.

The specific provisions of the section expressly refer to the *kind* of buildings mentioned in preceding sections, while the general clause which follows uses the general expression "any building," and therefore does not, like the earlier definite clause, distinctly and expressly confine itself to a special and determinate class of buildings. Now we cannot suppose the legislature meant by this general phrase to go beyond the objects intended to be protected by the earlier and definite provisions, and make an attempt to cause "*any building*" to be burnt, whatever *its value or character or use,* an offense liable to be punished by imprisonment in the state prison for fifteen years. It is very obvious that this expression "any building" should be limited, and read as agreeing with the specification immediately preceding, namely: "*any building mentioned in the preceding sections.*"

We find, then, that in one respect, at least, this general clause must submit to limitation; and that the legislature must have intended that it should be construed, in so far at any rate, in subjection to the rule before quoted. In framing this portion of the law we must accordingly conclude the legislature were not minded to employ terms which, by themselves and apart from precedent matter, were suited to exactly express the sense intended. On the contrary, they were satisfied in using general expressions which would be liquidated by judicial exposition according to the established rules of interpretation and construction.

This circumstance is not without its influence when we are seeking to find what the legislature expected from judicial consideration. Recurring to the view presented by the attorney general, it will be perceived to have a bearing not as yet noticed. According to his construction of this general clause, it could only apply, and hence was intended only to apply to an attempt by solicitation. Now the language found in the act is very inappropriate for such a purpose, and it seems scarcely possible to suppose that if

the legislature had meant to reach "solicitation," and that only, they would have chosen, in order to effectuate their object, the phrase "*any other means.*"

The more reasonable conclusion is altogether at variance with the view of the prosecution and in substantial accordance with that of the plaintiff in error. If the object of the legislature had been as claimed by the prosecution, it would have been manifested in the use of suitable and explicit terms. Such terms were familiar, and a resort to them would not have multiplied words. In other cases when procurement or solicitation have been contemplated as the things to be forbidden and made criminal, the legislature have employed terms plainly adapted to denote the purpose, and very different from the expression used in this law.—*Comp. L.*, §§ 7772, 7803, 7804.

On the whole, it is deemed to be very clear that in using this phrase "any other means". the legislature did not have it in mind and did not design to denote and identify a mere invitation to burn, and looking at the enactment in connection with the provisions associated with it, and considering the subject matter and general spirit, and the recognized rule of interpretation already noticed, I think we are under the necessity of holding that this statute was intended to require some physical act, even in cases marked by express invitation, and cannot be satisfied without some such act committed in person or through another reaching far enough to amount to the commencement of the causation.—*Regina v. Williams, 1 Den. C. C., 39 ; Regina v. Eagleton, 33 E. L. & E., 540.*

The "attempt to cause" must be by some act of the same general nature as the acts before mentioned, that is some physical act and sufficiently proximate to the result to be caused, as to stand either as the first or some subsequent step in the actual endeavor to really bring about or accomplish such result. It must amount to something more than a preparation for an attempt to cause. The specific provisions in the fore part of the section require a physical act of causation very near to the effect, and I can discover

no ground in the subject or in the arrangement or phraseology for exempting the general clause from the rule of law before stated by which generals are subordinated by the sense of preceding and connected particulars. If correct in this, it follows that the count on which the conviction was allowed alleged no crime in law, and that the judgment and verdict must be set aside, and the plaintiff in error be discharged from further prosecution on this information.

CAMPBELL, J., concurred.

COOLEY, J.

I have not been able to concur in the view taken by my brethren of the statute under which this information was filed. The statute provides for the punishment of "every person who shall set fire to any building mentioned in the preceding sections, or to any other material, with intent to cause any such building to be burnt, or shall by any other means attempt to cause any building to be burnt;" that is to say, it provides for the punishment of every person who shall himself set a fire with the intent specified, or, on the other hand, as I understand it, shall make the same attempt by any other means whatsoever. Instead of discovering in this statute an intent that its operation shall be confined to cases in which the accused party has resorted to physical means to originate the fire himself, it seems to me that the purpose is manifest to make its scope as general as possible; and it cannot be denied that, in this case, if the facts charged in the information are true, the prisoner did resort to means to cause the building to be burnt. But even on the view of the statute taken by my brethren, I should think this case within it. Furnishing a confederate with combustibles to begin a fire with, is as much a resort to physical means for the purpose, as would be the planting of a torpedo with one's own hands with the intent that it shall explode and cause a fire.

CHRISTIANCY, J., did not sit in this case.