CITY OF DETROIT *v.* DETROIT MANUFACTURERS' RAILROAD.

1. RAILROADS—STREET RAILROADS—DISTINCTION.
    Where the purpose for which a railroad was constructed and is operated is that of a steam railroad, to carry frieght to and from manufactories and business houses not otherwise accessible by the steam railroads, the facts that the company owning it was organized under the train railway act (chapter 167, 2 Comp. Laws), and that the track is laid along a highway, do not make its use that of a street railway, the company having been reorganized under the general railroad law, and its property having been leased to a steam railroad company.

2. SAME—TAXATION—STATE OR LOCAL ASSESSMENT.

The property of the Detroit Manufacturers' Railroad, a corpora-
tion organized under the general railroad law, is assessable by
the State board of assessors, under Act No. 173, Pub. Acts
1901, and not by the local taxing officers of the city of De-
troit, though the road is laid along a street of the city, and
was built by a company organized under the train railway
act.

Case made from Wayne; Donovan, J. Submitted
October 5, 1906. (Docket No. 10.) Decided October 4,
1907.

Assumpsit by the city of Detroit against the Detroit
Manufacturers' Railroad for taxes. There was judgment
for plaintiff, and defendant appeals. Reversed.

*N. E. Slaymaker* (*Henry Russel*, of counsel), for ap-
pellant.

*P. J. M. Hally* and *Frank E. Doremus* (*T. E.
Tarsney*, of counsel), for appellee.

HOOKER, J. This is an action brought by the city of
Detroit against the defendant, a corporation organized in
March, 1902, under the provisions of the general railroad
law of the State, 2 Comp. Laws, chap. 164, to recover
for taxes assessed for the years 1903 and 1904. The action
was defended upon two grounds, and error is alleged upon
the refusal to enter a judgment for the defendant. The
grounds referred to are:

1. That the tax was void, not having been assessed by
the State board of assessors, under Act No. 173, Pub.
Acts 1901, as amended by Act No. 45, Pub. Acts 1903.

2. That the tax for 1903 was void for the reason that it
was assessed against the Detroit Terminal Railway, and
not against the defendant.

It was proved upon the trial that the city tax roll for
1903 shows that the Detroit Terminal Railway was as-
sessed for that year on a personal property valuation of
$100,000, the tax levied being $1,656.82, which with accrued

interest amounted to $2,151.37 at the time of the trial. The roll for 1904 showed an assessment against the defendant on the same valuation, the tax levied being $1,532.71, amounting to $1,827.74 at the time of the trial, and that no part of said taxes or either of them had been paid.

It was also shown that the Detroit Transit Railway was incorporated September 21, 1872, under the train railway act, chap. 167, 2 Comp. Laws, and that on March 21, 1873, the city council passed an ordinance granting to the Detroit Transit Railway, for a period of 30 years, the right to construct and operate a railway in certain streets of the city of Detroit, from such a point as it and the Detroit & Milwaukee Railroad Company might agree upon for a connection to the eastern limits of the city, subject to said corporation obtaining the right through private property on the line of the road. These rights were extended for 30 years by a new ordinance in 1901. The ordinance required the use of animal power at certain hours of the day, permitting the use of steam and other power to operate the trains between the hours of 6 p. m. and 6 a. m. The road was built and put in operation.

The Detroit Terminal Railway was also organized under the train railway law, on July 26, 1901, and on September 23d of that year purchased all of the railroad property, rights, and privileges of the Detroit Transit Railway.

On March 31, 1902, the defendant purchased from the Detroit Terminal Railway all of its property and rights, and during 1903 and 1904 owned the same, and the road was, during those years, operated by the Michigan Central Railroad Company, a corporation existing under the general railway laws of the State, for switching cars and transporting freight for shippers along the line thereof, and to points beyond, in the United States and elsewhere. It appeared that by an agreement between the defendant and the Michigan Central Railroad Company the exclusive possession and control of the road was transferred to the latter company for 25 years from the time when the road should be reconstructed by said company. It has

been in its possession since April, 1902, has been operated by steam power, and since that date has been reconstructed.

It was admitted, subject to the objection of immateriality, that all of the property of the defendant was taxed by the State board of assessors in 1903 and 1904 on a valuation of $100,000, and that it paid taxes pursuant thereto in 1903 amounting to $1,691.15. At the time of the trial it had not paid the tax for 1904, but claims to have done so since.

Defendant has appealed from a judgment for the plaintiff. Counsel for the city say that the only question in the case is whether the personal property formerly owned by the Detroit Transit Railway, and now owned by the defendant, is street railway property or railroad property, within the meaning of Act No. 173, Pub. Acts 1901, and they concede that if it is railroad property, not merely used by and owned by a railroad, but in the full and general acceptance of that term railroad property, it is not subject to taxation in Detroit and is only taxable under the provisions of that act.

Section 4 of Act No. 173, Pub. Acts 1901, makes it the duty of the State board of assessors to make an annual assessment of the property of railroad companies. If the term railroad companies be assumed to refer only to companies organized under the general railroad law, the defendant is within the description. It is contended that this railroad must be considered a street railway for the reason that it is constructed in a highway, was first built by a company organized under the train railway law, accepted an ordinance from the city authorizing and restricting its construction and operation, and has the right to carry freight and passengers.

We are of the opinion that it is fairly inferable from this record that the purpose for which this railway was constructed, and has been and is now operated, is that of a steam railroad, to carry freight to and from manufactories and business houses not otherwise accessible by the

steam railroads. The ordinance seems to have contemplated such use, and the road has been acquired by a railroad company and by it leased to another well known steam railroad company, which is apparently using it in connection with its own road. The fact that it is laid along a highway does not make its use that of a street railway, for steam roads are sometimes granted the use of streets, nor does the fact that it was organized under the train railway act. This was done by the city of Monroe, as appears in the case of *City of Monroe* v. *Railway*, 143 Mich. 315, and it has been done by other cities, both within and outside of this State.

Sections 4 and 5 of Act No. 173, Pub. Acts 1901, provide:

"SEC. 4. It shall be the duty of said board to make an annual assessment upon an assessment roll to be prepared by said board, of the property having a situs in this State as hereinafter defined, of railroad companies, union station and depot companies, express companies, doing business within this State, car loaning companies, and refrigerator and fast freight line companies, and all other corporations owning, leasing, running or operating any freight, stock, refrigerator, or any other cars, not being exclusively the property of any railroad company paying taxes upon its rolling stock under the provisions of this act, over or upon the line or lines of any railroad or railroads in this State.

"SEC. 5. The term property as used in this act shall be deemed to include all property, real or personal, belonging to the corporation subject to taxation under this act, including the right of way, roadbed, stations, cars, rolling stock, tracks, wagons, horses, office furniture, telegraph or telephone poles, wires, conduits, switchboards, and all other property used in carrying on the business of said corporations or owned by them respectively, and all other real and personal property and all franchises, said franchises not to be directly assessed, but to be taken into consideration in determining the value of the other property."

Under this act the duty of the board is plain, and without doing violence to the language, if not the apparent

intent of the legislature, we cannot say that any railroad company, organized under the provisions of the general railroad law, is exempt from taxation under it, whether it acquired its property from manufacturers who manufactured it, or from railway companies organized under some other statute, who purchased, manufactured, or constructed it, or whether it operates a track built in a street in a city, under authority granted by a council, or in a country district or highway. A city may withhold a franchise to build and operate a railroad in a street, and it is not impossible that it may make the payment of a local tax a condition, but this would not relieve such a company from its statutory liability to pay taxes. We should not be inclined to hold that calling a road a street railway, or building it in a street, would absolve the railroad company from its liability under Act No. 173, even though it operated a typical street railway. Doubtless if it purchased one, and was permitted to operate it, or if it was organized for the purpose, and constructed it, it would be required to perform the conditions of its franchise, though the result should be that it was doubly taxed. See *City of Monroe* v. *Railway*, supra. But this record shows no condition as to taxation in the original franchise. We are, therefore, of the opinion that the property in question was taxable under Act No. 173 of the Public Acts of 1901, and, being so taxable, it was not subject to local taxation by the plaintiff, for section 13 of said Act No. 173 (this section was amended by Act No. 45, Pub. Acts 1903), among other things, provides: "Said taxes shall be in lieu of all taxes for State and local purposes."

We do not discuss the question of the lawfulness of a railroad company's operation of a street railway, because it is unnecessary to decide it.

The judgment is reversed, and a new trial ordered.

MCALVAY, C. J., and CARPENTER, OSTRANDER, and MOORE, JJ., concurred.