PEOPLE *v.* BEEBEHYSER.

1. CRIMINAL LAW—EMBEZZLEMENT—STATUTES.
   The conversion by an employé of transfer checks of a street railway company is not an embezzlement of railroad tickets within the terms of 3 Comp. Laws, § 11627.

2. SAME—INFORMATION.
   The offense should be charged in the information under the terms of 3 Comp. Laws, § 11565, as amended by Act No. 102, Pub. Acts 1905.

3. STATUTORY CONSTRUCTION—LEGISLATIVE INTERPRETATION.
   By re-enacting a statute which applies to railroads so as to mention interurban railways, the legislature construes the original act as intended to apply only to steam roads, and its construction is entitled to consideration by the courts.

Exceptions before judgment from the recorder's court of Detroit; Phelan, J.   Submitted April 30, 1909. (Docket No. 120.)   Decided June 7, 1909.

Edward Beebehyser was convicted of embezzlement. Reversed, and respondent discharged.

*Sellers, Kelley & Sellers* (*Cassius Hollenbeck*, of counsel), for appellant.

*Philip T. Van Zile*, Prosecuting Attorney, and *Fred H. Aldrich*, Assistant Prosecuting Attorney, for the people.

BROOKE, J.   The respondent was convicted in the recorder's court for the city of Detroit on an information charging him with fraudulently and feloniously embezzling and converting to his own use 37 passenger railroad tickets, the property of the Detroit United Railway; said railroad tickets being in fact undated, unpunched transfer checks of the Detroit United Railway, Cross Town Line West.

The information was based on section 11627, 3 Comp. Laws, which reads as follows:

"If any officer, agent, clerk or employé of any incorporated railroad company shall fraudulently embezzle, dispose of or convert to his own use, any passenger railroad ticket or tickets, whether such tickets are fully prepared for use, or not so fully prepared, or use tickets which have been once used and which have come to his hands or charge by virtue of his office or employment, he shall be punished by imprisonment in the State prison not exceeding five years, or by fine not exceeding one thousand dollars, or both, at the discretion of the court. In any prosecution under this section it shall be lawful to include in a charge, as one offense, all acts constituting such offense committed between certain days set forth, and it shall be sufficient to set forth by general description the tickets alleged to have been unlawfully taken; and it shall be sufficient to maintain the charge if it shall be proved on (the) trial that any such ticket or tickets were within the period set forth, embezzled, disposed of or converted by the defendant charged in said posecution as alleged."

The principal error alleged by the respondent is that the court erred in failing to direct a verdict for the respondent upon the ground that the transfers set forth in the information were not passenger railroad tickets within the meaning of section 11627, 3 Comp. Laws, above quoted. The title of the act containing this section is as follows:

"An act to define certain offenses affecting railroads, and to provide punishment for the same."

It was passed in 1869. Act No. 164, Laws 1869. Two years prior to that time, 1867, the legislature passed an act (Act No. 35, Laws 1867) entitled:

"An act to provide for the formation of street railway companies."

In the act of 1869 no reference whatever is made to street railways, but throughout the act the word "railroad" is used. In 1897 the legislature enacted section 6467, 2 Comp. Laws, which is almost identical with section 11623, 3 Comp. Laws, which is the first of the six

sections of the act of 1869, entitled: "An act to define certain offenses affecting railroads, and to provide punishment for the same," making the same applicable to suburban railways. If the contention of the people is the correct one, section 11623 needed no re-enactment in order to bring suburban roads within its terms. If, on the contrary, it was necessary to re-enact it to make it applicable to suburban roads, it is obvious that section 11627—a portion of the same act—was never intended by the legislature to affect street railways. It is therefore clear that the legislature itself has construed sections 11623–11628 as applicable to steam railroads only, and its construction of the statute should receive due consideration. See Endlich on Interpretation of Statutes, § 528; *State Line, etc., R. Co.'s Appeal*, 77 Pa. 432.

This court has recognized the distinction between street railways and a railroad proper. See *Nichols* v. *Railway Co.*, 87 Mich. 371 (49 N. W. 538, 16 L. R. A. 371); *City of Monroe* v. *Railway*, 143 Mich. 321 (106 N. W. 704). See, also, *Lincoln Street R. Co.* v. *McClellan*, 54 Neb. 676 (74 N. W. 1074, 69 Am. St. Rep. 736). A further ground for distinction is found in the fact that in Michigan railroads and street railways are kept separate for the purposes of taxation. *City of Detroit* v. *Railroad*, 149 Mich. 531 (113 N. W. 365). It has been held that criminal statutes cannot be enlarged by construction. See *People* v. *Caton*, 25 Mich. 388. In *McDade* v. *People*, 29 Mich. 52, this court said:

"It is a well-settled general rule, and one specially applicable in the interpretation of statutes which define crimes and regulate their punishment, that general words are to be restrained to the matter with·which the act is dealing, and that, if it be dealing with specific things or particular modes only, the general words must be limited to such things or modes, except when it is apparent that the legislature intended by the general words to go further"—citing many cases.

We think the information should have been brought

under the general embezzlement statute, section 11565, 3 Comp. Laws, as amended in 1905 (Act No. 102, Pub. Acts 1905).

Judgment reversed, and respondent discharged.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.