Under the provisions of § 676h, 1945 Supplement to the General Statutes, "No town, city or borough shall require a license fee from any resident of this state who shall have resided within the state for a period of two years next preceding the date of application for such license and who is a legally defined and recognized veteran, for the privilege of buying, selling or vending goods, wares or merchandise within *Page 165 
its limits; provided lapel pins, buttons, flowers small flags and similar novelties and books and magazines shall not be construed to be goods, wares or merchandise."
The accused, a disabled veteran of World War II, who was born in the city of Waterbury in 1909 and who has resided in Connecticut during his entire life, is the owner of a substantial number of vending machines which merchandise four one-cent postage stamps for five cents and three-cent postage stamps for ten cents.
In mid-February, 1946, the accused made application to the superintendent of police of Waterbury to license twenty of these machines, at which time he honored an ordinance of the city of Waterbury by paying a license fee of $2 for each machine. For two additional machines, the defendant refused to pay the municipal license fee, contending that as a resident veteran he was and is entitled to vend his stamps without license. In consequence of his failure to secure licenses for the two controversial machines, the vending devices were seized by Waterbury police, the accused was arrested, and thereafter convicted before the City Court of Waterbury. He is now appealing that conviction.
The state contends that United States postage stamps are not "goods, wares and merchandise" within the intendment of § 676h; that they are in the nature of "novelties"; and that the accused is not free to vend stamps in the city of Waterbury without a municipal license from its superintendent of police.
It has long been the settled general rule that penal statutes are subject to the rules of strict construction; Daggett v. State,4 Conn. 60; and that they are not to be construed to include anything beyond their letter even though within their spirit and nothing can be added to them by judicial inference or intendment. Hronek v. The People, 134, Ill. 139; State v.Zazzaro, 128 Conn. 160, 167.
The General Assembly, in enacting § 676h, obviously intended to benefit resident veterans engaged in the business of vending. By expressly mentioning specific articles as being outside the general class of "goods, wares and merchandise," it is presumed, on a familiar principle of construction, to have excluded all other exceptions. Had the General Assembly desired to prohibit the vending of postage stamps without a municipal *Page 166 
license, it could easily have found necessary language to effectuate this intention. Further, I think it no answer to the problem to attempt to classify government stamps as "novelties" since that word connotes a new article of trade, or a variety of goods differing from the staple or ordinary kinds.
One cannot be found guilty of a crime unless it falls within the fair import of the language of the statute; the intent of the General Assembly is the guiding principle. Grievance Committeeof the Bar of New Haven County v. Payne, 128 Conn. 325,329. I am satisfied that stamps are "goods, wares and merchandise" within § 676h and that the accused is a resident veteran. Thus he is entitled to the protective features of the statute, and is under no duty to pay a license fee to the city of Waterbury for the privilege of vending postage stamps.
 Accordingly the accused is found not guilty.