The information charged the defendant with a violation of § 19-65 of the General Statutes. In response to the defendant's motion that the information be made more specific by setting forth (a) when, (b) where, and (c) how the statute was violated, a bill of particulars was furnished, stating that the alleged violations were committed on January 24, 1961, January 25, 1961, January 26, 1961, January 27, 1961, and January 31, 1961, in apartments numbered 112 and 412 respectively of the premises known and designated as No. 422 West Avenue, Bridgeport, Connecticut, by the failure to furnish heat and hot water. The defendant *Page 396 
entered a plea of not guilty and finally elected to be tried to the court without a jury. The defendant filed an appeal from the judgment finding him guilty, stating that he desired to have reviewed the court's conclusions upon the facts. Cir. Ct. Rule 7.21.1.
The defendant has assigned error in the denial of his motion for corrections in certain paragraphs of the finding, in the conclusions of the court as being unsupported by the subordinate facts, and in the conclusion of the court that upon all of the evidence he was guilty of the crime charged beyond a reasonable doubt. Upon this last assignment of error, we determine upon all of the evidence whether the court erred in holding that guilt was established by the requisite degree of proof. It is, therefore, unnecessary to consider in detail the claims of error directed to the finding. State v.Frost, 105 Conn. 326, 332.
Stratbridge Realty Company, a nonresident copartnership, owns 12 parcels of land variously situated in the towns of Stratford and Bridgeport with 24 buildings thereon which contain approximately 900 apartments. The defendant is the rental agent of Stratbridge Realty Company and the manager in charge of their office at 465 Golden Hill Street, Bridgeport. The property at 422 West Avenue in Bridgeport is one of twenty-four buildings owned by Stratbridge Realty Company. It is a four-story building of brick construction containing sixteen apartments. Apartment 112 is on the first floor and apartment 412 is directly over it on the fourth floor. The rental agreements required that the landlord furnish heat and hot water. It is heated through a central steam heating plant fired with coal by hand, with radiators in each apartment. Hot water is furnished through a separate hot-water boiler also fired with coal by hand. From January 24 through *Page 397 
January 31, 1961, inclusive, both the heating boiler and hot-water boiler were in operation, and the fires were never out during that time.
On January 24, 1961, an inspector from the city health department personally notified the defendant that a temperature of 58 degrees Fahrenheit was recorded in apartments 112 and 412 of 422 West Avenue that morning. The defendant immediately dispatched another employee of Stratbridge Realty Company to these apartments with instructions "to handle the problem." On January 25, 1961, the defendant was summoned to the office of the prosecuting attorney after complaint by the health inspector that the temperature read 60 degrees in apartment 112 and 59 degrees in apartment 412 in midmorning of that day. An assistant prosecuting attorney ordered the defendant to furnish heat to 68 degrees and hot water to these apartments by January 28, 1961. The defendant requested that the order be stayed for two weeks or at least ten days in order to change the coal being used from anthracite to bituminous. The request was denied, because for 18 days during January, 1961, inclusive of all the days specified in the bill of particulars, the weather was unusually severe, with temperatures continuously below freezing. The defendant promised compliance with the order.
On January 26, the temperature in both apartments in late morning had risen to 62 degrees. On that same morning, bituminous coal was delivered to 422 West Avenue. At 2:30 p.m. on January 27, the temperature in apartment 112 was 62 degrees, and at 2:45 p.m. on that same day the temperature in apartment 412 was 62 degrees. The health inspector examined the furnace after he finished his work in the apartments. He testified that the "entire box was ablaze with flame" and that soft coal was being used instead of the hard coal he had seen *Page 398 
in the bin on January 24. The health inspector returned to 422 West Avenue at 10:15 a.m. on January 31. The temperature in apartment 112 at that time was 66 degrees. At 10:45 a.m. on January 31, the temperature was 66 degrees in apartment 412.
Section 19-65 of the General Statutes provides: "When any building or part thereof is occupied as a home or place of residence or as an office or place of business, either mercantile or otherwise, a temperature of less than sixty-eight degrees Fahrenheit in such building or part thereof shall, for the purpose of this section, be deemed injurious to the health of the occupants thereof. Any lessor, agent, manager, superintendent or janitor of any building, or part thereof, the lease or rental agreement whereof by its terms, express or implied, requires the furnishing of heat, hot water or light to any occupant of such building or part thereof, who, wilfully and intentionally, fails to furnish such heat to the degrees herein provided, hot water or light, and thereby interferes with the comfortable or quiet enjoyment of the leased premises, at any time when the same are necessary to the proper or customary use of such building or part thereof, shall be fined not more than one hundred dollars or imprisoned not more than sixty days or both."
The state must prove every essential element of the crime charged beyond a reasonable doubt. State
v. Newman, 127 Conn. 398, 400. One of the elements necessary to constitute the crime with which the defendant is charged is that he wilfully and intentionally failed to furnish heat to the degrees provided by the statute and that he failed to furnish hot water. "In common parlance the word `wilful' is used in the sense of intentional, as distinguished from accidental or involuntary; but when used in a penal statute, it means with evil intent, or legal malice, or without reasonable ground for believing *Page 399 
the act to be lawful." 14 Am. Jur. 787, § 28. The word "wilfully" when used in a criminal statute implies knowledge that the act is forbidden and therefore is done with an evil intent to violate the law.State v. Nussenholtz, 76 Conn. 92, 96.
In the instant case, there was in evidence nothing to explain why only two of the sixteen apartments at 422 West Avenue were without heat to the degree provided by § 19-65, and hot water. No evidence was offered or received of any statement or act by the defendant, whose conduct is being scrutinized, after January 24, 1961, when he heard the health inspector's complaint, to prove that he acted with an intent to violate the law. It was admitted at the trial and in argument that, on the various days mentioned in the bill of particulars, heat to 68 degrees Fahrenheit and hot water were not furnished to either apartment 112 or apartment 412. The evidence, however, fails to establish beyond a reasonable doubt that the defendant failed to furnish such heat and hot water wilfully and intentionally, as the statute requires for conviction.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.
In this opinion COHEN and AARONSON, Js., concurred.