STATE OF CONNECTICUT *v.* WILLIAM A. GRANT

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 15-2004

Argued December 14, 1962—decided June 18, 1963

*John J. Mangan, Jr.,* of New Britain, for the appellant (defendant).

*James R. Burton,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant was found guilty of the crime of resisting a police officer in violation of § 53-165 of the General Statutes in a trial to the court and has appealed. He has assigned error by the court (1) "in overruling the motion to quash information," and (2) "in concluding upon all the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt."

A motion to quash, which the court assumes was filed in accordance with § 346 of the 1951 Practice Book, is equivalent to a demurrer. *State ex rel. Campo* v. *Osborne,* 126 Conn. 214, 215; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 611. The common-law requirement that an information set forth in detail the means by which the particular offense was accomplished was removed by Practice Book, 1951, § 344; *State* v. *Davis,* 141 Conn. 319, 320. The information alleged "interference with a police officer on or about January 23, 1962, at New Britain, Connecticut, in violation of Section 53-165 of the General Statutes." The defendant filed a motion for a bill of particulars, and the state complied by setting out the alleged crime in the exact language of the statute. The defendant then filed his motion to quash on the ground that the information and bill of particulars failed to set forth or allege the crime under the statute. The information and bill of par-

ticulars are in general terms; they charge the defendant with the crime of resistance, give the date and place, state that the New Britain police officers are involved, and set forth the statute by number. The information contained most of the elements of the crime of resistance, a crime defined by statute, and the statute was cited. See *State* v. *Davis,* supra. The defendant raises the specific question that the bill of particulars fails to allege that the police officer "was concerned in the administration of justice while executing his duties." Section 344 of the 1951 Practice Book provides that the information may refer to a section or subsection of any statute and that in the determination of the validity or sufficiency of the information, regard shall be had to such reference. Section 53-165 of the General Statutes recites the wording which the defendant claims is absent. Reading the statute together with the information and bill of particulars, we find that the information and bill of particulars charged the crime in the manner prescribed by the Practice Book. The record failed to disclose that any harm could have come to the defendant from the denial of the motion to quash. *State* v. *Pallotti,* 119 Conn. 70, 73. The cases cited by the defendant in his argument on the motion to quash were decided prior to the enactment in 1929 of what is now § 344 of the 1951 Practice Book.

The defendant's remaining assignment of error is directed to the conclusion of the court upon all the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt. The court could reasonably have found that the defendant, a garage owner engaged in the business of towing disabled motor vehicles, came upon the scene of an accident and agreed with the owner of one car to tow that car away, and that an officer of the New Britain police department who came to the

scene ordered, in accordance with a regulation of the New Britain police commissioners, two tow trucks to remove the two cars involved in the accident. Thereafter, the defendant's tow truck and one of the police-ordered tow trucks attached themselves to the same car. One of the policemen ordered the defendant to detach his truck. He refused, in spite of the fact that the owner of the disabled motor vehicle also ordered the defendant to detach his tow truck and canceled his arrangements with the defendant. The defendant threatened to strike one of the officers with a chain, grappled with the officer, and blocked the tow truck which was attempting to reach the disabled car.

Section 53-165 of the General Statutes uses the words "obstructs, resists or abuses." "The use of actual force in resisting an officer unquestionably constitutes the statutory offense of resisting an officer. . . . As a general rule, under statutes containing the words 'obstruct, resist or oppose' or 'resist, obstruct or abuse' or the single word 'resist,' the offense of resisting an officer can be committed without the employment of actual violence or direct force, and without making threats. . . . To 'obstruct' is to interpose obstacles or impediments, to hinder, impede, or in any manner intrude or prevent, and this term does not necessarily imply the employment of direct force or the exercise of direct means." 39 Am. Jur. 507, Obstructing Justice, § 10. In the instant case, the evidence indicates that the defendant grappled with the officer, threatened to strike him with a chain, refused to unhook his tow truck, and blocked the police-ordered tow truck, all of which come within the meaning of resisting and obstructing.

On oral argument to this court, the defendant raised the question of the officer's being concerned

in the "administration of justice while in the execution of his office," by claiming that the police commissioners' regulation with regard to towing was illegal. This regulation was not made an exhibit in the lower court, and since it is not part of the record, it cannot be considered by us. Our inquiry must be confined to error that appears on the face of the record before us. Maltbie, Conn. App. Proc. § 167. Although the defendant requested a correction in the finding with respect to the legality of the police commissioners' actions, he did not assign error in the court's denial of this request. Our inquiry must be confined to the errors assigned. Cir. Ct. Rule 7.51.1; see Practice Book, 1951, § 409.

The court was correct in concluding that upon all the evidence the defendant was guilty of violating § 53-165 by resisting and obstructing an officer in the performance of his duty.

There is no error.

In this opinion DEARINGTON and KOSICKI, Js., concurred.