STATE OF CONNECTICUT *v.* ALFRED NEUBAUER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 1-2244

Argued February 8—decided June 28, 1963

*Sidney Vogel,* of Norwalk, for the appellant (defendant).

*George Carroll,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant was found guilty of obstructing, resisting or abusing an officer in violation of § 53-165 of the General Statutes in a trial by the court and has appealed. His assignment of errors is based on the denial of requested changes in the finding, on the conclusions of the court, and on the conclusion that on all the evidence the defendant was guilty beyond a reasonable doubt. The ultimate question to be determined by the assignments regarding the finding is essentially the same as that presented by the defendant's general assignment

of error, viz., whether on all of the evidence the trial court was in error in finding the defendant guilty beyond a reasonable doubt. "[W]here such a situation is presented, pursuit of claimed corrections of the finding will seldom be necessary or profitable, as the rights of an accused person will be fully protected by the comprehensive inquiry required by the general assignment pertaining to guilt beyond a reasonable doubt, upon all the evidence." *State* v. *Guilfoyle,* 109 Conn. 124, 139; *State* v. *Gotsch,* 23 Conn. Sup. 395, 396; *State* v. *Riley,* 24 Conn. Sup. 235, 238.

The evidence discloses that the police officers were on the defendant's premises to investigate an attempted breaking and entering, the third such occurrence within recent months. In the course of the investigation, the officers put questions to the defendant, some of whose replies were profane, and the defendant ordered the officers off the premises, called the officers vile "names," told them that they could go to "hell" and that he would "boot" a certain portion of the officer's body "out of here." The defendant at no time made any physical movement, threat or motion of violence, and his feelings were expressed only in words. He did not, in fact, prevent either officer from conducting the investigation, nor were they in fear of the defendant. A thorough investigation was completed by the officers; their activities were not restricted while they were on the defendant's premises. The arrest was made two days after the occurrence.

The state has based its prosecution on the elements of obstructing and abusing. The element of resisting is not before us since it was not argued, either orally or in the briefs. It is assumed that all the remaining requirements of the statute were met.

The single question to be determined on this appeal is: Did the defendant obstruct or abuse the officers in violation of § 53-165 by intemperate and vile language? Resistance to officers was a common-law offense. 39 Am. Jur. 506, Obstructing Justice, § 8. This crime was incorporated into our statutes in 1702. Acts & Laws, 1702, p. 91. The statute then used the words "resist or abuse." In the 1835 revision, the section was altered to read "hinder, obstruct, resist, or abuse." Statutes, 1835, p. 131, § 53. In the revision of 1875 (p. 507, § 7), the words became "obstruct, resist, or abuse" and have so continued until the present date. Courts, in construing statutes, consider their legislative history, their language, their purpose, and the circumstances surrounding their enactment. *Delinks* v. *McGowan,* 148 Conn. 614, 618; *Cassidy* v. *Tait,* 140 Conn. 156, 160. A criminal statute, being penal, is to be construed strictly. *Daggett* v. *State,* 4 Conn. 60, 63.

"All statutes, whether remedial or penal, should be construed according to the apparent intention of the legislature, to be gathered from the language used, connected with the subject of legislation, and so that the entire language shall have effect, if it can, without defeating the obvious design and purpose of the law. And in doing this, the application of common sense to the language, is not to be excluded. . . . This rule is not inconsistent with the principle, that penal statutes are to be construed strictly. By this is meant only, that they are not to be so extended, by implication, beyond the legitimate import of the words used in them, as to embrace cases or acts not clearly described by such words, and so as to bring them within the prohibition or penalty of such statute." *Rawson* v. *State,* 19 Conn. 292, 299.

The conclusion of the court that the defendant abused the police officers while they were engaged

in the performance of duty imports a construction to § 53-165 to the effect that vile, intemperate language with no physical involvement of any kind is a violation. There are generally in existence three types of statutes relating to resisting arrest. The first contains the single word "resist," the second the words "resist, obstruct and oppose," and the third, "resist, obstruct and abuse." Under the statutes containing several words, it is obvious that the offense can be committed by acts which would not constitute an offense under statutes merely employing the word "resist." Under a statute containing the words "obstruct, restrict or oppose," it has been held that "employment of indirect means is sufficient." 39 Am. Jur. 507, Obstructing Justice, § 8. A statute which employs "resist, obstruct or abuse" is to be construed more broadly than one containing the words "obstruct, resist or oppose." See *Campf* v. *State,* 80 Ohio St. 321, 328. The Ohio court held, in the *Campf* case, interpreting a statute using the same words as the Connecticut statute: "Our statute is much broader and more comprehensive than that of either Wisconsin or Georgia. It provides not only for punishment of one who resists or obstructs, but for the punishment of one who abuses any officer in the execution of his office. One meaning of the word 'abuse' is to wrong in speech, reproach coarsely, disparage, revile, malign, and this word is as much a part of the statute as any other verb found in this section. And, if this definition of the word 'abuse' be applicable, and we think it is, then quite clearly the statute may be violated by one who abuses, but who, although he uses force as to property, does not resist and does not accompany his abuse and his acts by any violence against the person of the officer. . . . [I]t is conceivable that an officer may be as certainly obstructed in the execution of his office by vile abuse, invective or un-

just censure, as by means involving physical resistance, and this consideration may be properly borne in mind in giving construction to our statute and as distinguishing it from statutes of other states herein before referred to."

From reading § 53-165, it is apparent that the legislature meant to go further than the use of force, direct or indirect, which the words "resists" and "obstructs" import. It is apparent that by the specific use of the word "abuses," rather than just the word "resists" or the words "resists, obstructs and opposes," the legislature intended to prevent something less than the use of force. "Abuse" is defined: ". . . to injure; to diminish in value; to wear away by using improperly. To wrong in speech, reproach coarsely, disparage, revile, malign." Ballentine, Law Dictionary; *Campf* v. *State,* supra. The word "abuses" was not inconsequentially introduced into the statute, it was put there with a purpose. *Rawson* v. *State,* supra. As used in this statute, the word "abuses" means to wrong in speech, reproach coarsely, disparage, revile or malign an officer who is performing his duty. The language used by the defendant fits this description. However, the purpose of the statute, the legislative intent, was to allow an officer to execute his office and his appointed duties without hindrance or obstacles and to allow the actions of the police to proceed calmly, efficiently and without difficulty. The evidence in this case indicates that there was no such hindering or prevention of the operations of the law officers. The officers were not hindered in the performance of their duties. They completed a thorough investigation. While the officers were personally abused, within the meaning of the word, they were not hindered, obstructed or interfered with in the performance of their duty. The facts of this case do not meet the test laid down in *Campf* v. *Ohio,* supra,

which requires that the vile abuse, unjust censure or invective obstruct the officer in the execution of his office. Our statute requires that the personal abuse shall, in some manner, hinder the officer or make his job difficult.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion KOSICKI and KINMONTH, JR., concurred.