STATE OF CONNECTICUT *v.* JUDITH BECK

FILE No. CR 6-59776

STATE OF CONNECTICUT *v.* IRA COHEN

FILE No. CR 6-59793

APPELLATE DIVISION OF THE CIRCUIT COURT

Argued June 2—decided July 11, 1969

*Catherine G. Roraback,* of New Haven, for the appellants (defendants).

*John J. Kelly,* assistant prosecuting attorney, for the appellee (plaintiff).

DEARINGTON, J. These cases arose out of the same situation, were tried together and were combined on appeal. They are factually similar though not identical, and the issues presented on appeal are the same. The trial court found each defendant not guilty of breach of the peace and further found Judith Beck not guilty of indecent exposure. The defendants have appealed, assigning error in the denial of their motions to correct the finding and in the court's conclusion that on all the evidence each defendant was guilty beyond a reasonable doubt of resisting a police officer. Thus, the ultimate question presented by the defendants goes to the root of the accusation; that is, whether on all the evidence they could properly be found guilty beyond a reasonable doubt. *State* v. *Zukauskas*, 132 Conn. 450, 453.

On the night of September 27, 1968, the defendants, a professional actress and actor, appeared in a play, "Paradise Now," presented at the Yale School of Drama Theater on York Street in New Haven. At the conclusion of the play the cast, accompanied by some of the patrons, proceeded out of the theater onto York Street, singing or chanting "Freedom Now," and marched in the direction of Chapel Street. The two defendants were among the group. Upon arriving at the intersection of Chapel and York Street, the group impaired the flow of traffic. Julian Beck, the husband of Judith, was arrested by a New Haven police officer. While the officer was escorting Julian into the police wagon, Judith, according to the officer, "came running up to the prisoner conveyance, asking me what I was doing with her husband. I explained he was under arrest for indecent exposure (wearing a loin cloth which he had previously appeared in during the play) and she said 'Well if he is under arrest I may as well be' and she more or less prevented me from

putting him into the van. . . . She got in the way of the doors. In between myself and the lad." At this point the officer and Judith engaged in conversation, but the officer did not remember what was said. The circumstances are somewhat confusing at this posture of the evidence, for it is indicated that Judith positioned herself between the officer and her husband, who at that time was "half in and half out" of the van and was being held by the officer. At no time did the officer come in contact with Judith. The officer then told Judith that she was under arrest and placed his hand on her to legalize the arrest. Judith then entered the wagon. The officer testified, "I didn't assist her into the wagon. She just went in on her own." She was not told at that time why she was arrested.

Section 53-165 of the General Statutes, entitled "Resisting Officer," provides as follows: "Any person who obstructs, resists or abuses any officer concerned in the administration of justice while in the execution of his office" shall be punished. The sole issue before us is whether the state met its burden of proof in showing that Judith obstructed, resisted, or abused a police officer while he was carrying out his duties. Since there was no evidence of resistance or of abuse, we are concerned only with the element of obstruction. "The purpose of the statute, which had its origin in the common law, is to enforce orderly behavior in the important mission of preserving the peace; and any act that is intended to thwart that purpose is violative of the statute." *State* v. *Harris,* 4 Conn. Cir. Ct. 534, 540. "To 'obstruct' is to interpose obstacles or impediments, to hinder, impede, or in any manner intrude or prevent, and this term does not necessarily imply the employment of direct force or the exercise of direct means." 39 Am. Jur. 507, Obstructing Justice, § 10; *State* v. *Grant,* 2 Conn. Cir. Ct. 156, 159.

The claim of the state, based on the officer's testimony, is not that Judith interfered with the arrest of her husband, for the arrest had already been made. The state claims that the interference came into operation when the officer was placing her husband in the police van. At this point Julian was halfway into the van and was being held by the officer. There was no evidence that the officer had difficulty in placing Julian in the van. In fact Julian, according to the officer, had fully entered the van when Judith was arrested. Furthermore, if at the time of the alleged interference Julian was being held by the officer and was halfway into the van, it is difficult to understand how Judith could come between them without making physical contact with the officer. Yet the officer testified that at no time did they touch each other. The officer was six foot one in height and weighed 183 pounds. The defendant was five foot one in height and weighed between 85 and 90 pounds. Upon these facts, we are of the opinion that the state failed to prove the offense charged beyond a reasonable doubt.

We now consider the conviction of the defendant Ira Cohen. The evidence indicates that during the incident involving Judith the defendant Ira stepped on the van wagon and the officer said to him, "Would you please get off the van wagon, you're not under arrest." He, Ira, stated that Mrs. Beck and Mr. Beck had been placed under arrest and that he was going to go too. At this point he was placed under arrest for interfering. It further appears that Ira was not related to either of the Becks and at the time Judith was arrested Ira got between her and the wagon and attempted to prevent her from going in. The conduct of the defendant Ira constituted an obstruction of the officer in the administration of his duties. *State* v. *Harris*, supra.

There is no error on the appeal of the defendant Ira Cohen; there is error on the appeal of the defendant Judith Beck, the judgment as to Judith Beck is set aside and as to her the case is remanded with direction to render judgment that she is not guilty and ordering that she be discharged.

In this opinion KOSICKI and KINMONTH, Js., concurred.