# IN THE COURT OF APPEALS OF IOWA

No. 15-2044
Filed August 17, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JOHNNY L. HOVENGA,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

　　　　The defendant challenges the sufficiency of the evidence supporting his conviction for interference with official acts while displaying a weapon. **AFFIRMED.**

　　　　Joseph R. Lapointe, Mason City, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

　　　　Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Johnny Hovenga challenges the sufficiency of the evidence supporting his conviction for interference with official acts while displaying a weapon, in violation of Iowa Code section 719.1(1)(f) (2015). The evidence showed two plain clothes police officers executed an arrest warrant at Hovenga's mother's house. The officers entered the home with the mother's consent and identified themselves as officers. Hovenga, who resided with his mother, retreated to his bedroom. The officers followed Hovenga to the bedroom. The officers repeatedly identified themselves as officers and openly displayed their badges on lanyards around their necks. Hovenga pulled a knife on the officers and resisted, opposed, hindered, and delayed his arrest for several minutes before finally setting the knife down and submitting to arrest after a third officer arrived at the scene.

When viewing the evidence in the light most favorable to the verdict, we conclude the verdict is supported by substantial evidence. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (setting forth standard of review); *State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996) ("The purpose of criminalizing conduct that interferes with official police action is to enable officers to execute their peace-keeping duties calmly, efficiently, and without hindrance. . . . The only question should be whether the officer's acts were hindered."); *State v. Donner*, 243 N.W.2d 850, 854 (Iowa 1976) ("It is sufficient if the person charged engaged in actual opposition to the officer through the use of actual or constructive force making it reasonably necessary for the officer to use force to carry out his duty."); *State v. Betts*, No. 14-0464, 2016 WL 3003344, at *4 (Iowa Ct. App. May 25, 2016) ("Obstruct has been defined as to interpose obstacles or

impediments, to hinder, impede, or in any manner intrude or prevent."); *State v. Bushnell*, No. 13-0236, 2014 WL 970025, at *3 (Iowa Ct. App. Mar. 12, 2014) (affirming conviction where defendant retreated to interior room); *State v. Schmidt*, No. 99-174, 2001 WL 195035, at *2 (Iowa Ct. App. Feb. 28, 2001) ("However, physical contact is not necessary to violate section 719.1.").

We affirm the judgment of the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (e).

**AFFIRMED.**