# IN THE COURT OF APPEALS OF IOWA

No. 16-1038
Filed April 19, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CHARLES BRANDON LIGHTFOOT,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Margaret L. Lingreen, Judge.

The defendant challenges his convictions for interference with official acts inflicting bodily injury, in violation Iowa Code section 719.1(1)(e) (2015), and assault on a peace officer causing bodily injury, in violation of Iowa Code sections 708.1 and 708.3A(3). **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Charles Lightfoot was convicted of interference with official acts inflicting bodily injury, in violation of Iowa Code section 719.1(1)(e) (2015), and assault on a peace officer causing bodily injury, in violation of Iowa Code sections 708.1 and 708.3A(3). On appeal, he contests the sufficiency of the evidence supporting each conviction. Error was not preserved on the issue, but Lightfoot raises the issue within the rubric of an ineffective-assistance of counsel claim. Specifically, Lightfoot claims his trial counsel was ineffective in failing to move for judgment of acquittal on the grounds raised in this appeal.

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (citing *State v. Keopasaeuth*, 645 N.W.2d 637, 639–40 (Iowa 2002)). "The court views the evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Kepasaeuth*, 645 N.W.2d at 640 (citing *State v. Jacobs*, 607 N.W.2d. 637, 682 (Iowa 2000)). "We will uphold a verdict if it is supported by substantial evidence." *Jacobs*, 607 N.W.2d at 682.

A person interferes with official acts resulting in bodily injury when 1) the person knowingly resists or obstructs a known peace officer, 2) the peace officer is performing an act within the scope of the officer's authority, and 3) the person inflicts bodily injury on the peace officer. *See* Iowa Code § 719.1(1)(e). A person resists when using "actual or constructive force making it reasonably necessary for the officer to use force to carry out his duty." *See State v. Donner*, 243 N.W.2d 850, 854 (Iowa 1976). A person commits assault on a peace officer

when 1) the person commits assault against another, 2) known to be a peace officer, and 3) causes bodily injury to the officer. Iowa Code § 708.3A(3). A person commits assault when engaging in an act "intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." Iowa Code § 708.1(2)(a). Here, Lightfoot contends there was insufficient evidence he interfered with any official act or that he assaulted a police officer.

When the evidence is viewed in the light most favorable to the State, we have little trouble concluding the convictions are supported by substantial evidence. On March 14, 2015, Decorah assistant chief of police, David Smutzler, responded to a 911 call concerning a man threatening people with knives and a sword. While en route, dispatch identified the suspect as Brandon Lightfoot. Dispatch stated Lightfoot left the scene in a black GMC Jimmy SUV. Smutzler spotted the black SUV and observed Lightfoot exit the vehicle and open the tailgate or back window. Smutzler pulled over and exited his vehicle. Smutzler was driving a marked police car, and he was wearing his police uniform. Smutzler approached Lightfoot and asked his name. Lightfoot responded to Smutzler's inquiries with profanity. Lightfoot turned toward the SUV. Smutzler told Lightfoot to step away from the SUV, but Lightfoot did not step away. Lightfoot began to reach into the vehicle. Concerned Lightfoot was reaching for a weapon, Smutzler grabbed Lightfoot's elbow and pulled it back. Lightfoot turned and struck Smutzler twice—once on the side of the head and once on the back of the head—causing injury to Smutzler. Smutzler testified the blows were intentional and not accidental. Smutzler eventually restrained Lightfoot with the

assistance of another officer who had arrived at the scene. Smutzler testified Lightfoot was aggressive and resisting during the entire encounter. The convictions are supported by substantial evidence.

We thus conclude counsel did not breach an essential duty owed the client in failing to raise a meritless issue. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009).

**AFFIRMED.**