**IN THE COURT OF APPEALS OF IOWA**

No. 23-0839
Filed July 24, 2024


**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**TRE EVANS WORDEN,**
　　　Defendant-Appellant.
_____


　　　Appeal from the Iowa District Court for Woodbury County, James N. Daane, Judge.


　　　The defendant challenges the suppression ruling and sufficiency of the evidence for his conviction for interference with official acts.  **AFFIRMED.**


　　　Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

　　　Brenna Bird, Attorney General, and Thomas J. Ogden (until withdrawal) and Nicholas E. Siefert, Assistant Attorneys General, for appellee.


　　　Considered by Badding, P.J., Chicchelly, J., and Blane, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BLANE, Senior Judge.**

Tre Worden appeals, challenging the denial of his motion to suppress by asserting an unlawful seizure and the sufficiency of the evidence for his conviction for interference with official acts resulting in bodily injury.  Finding he was lawfully seized and the evidence was sufficient to support his conviction, we affirm.

## I.  Background Facts and Proceedings

Around 2:00 a.m. on March 11, 2022, police officer Tyler Hemingson was driving a marked squad car in search of a white, 2014 Nissan Maxima.  He was acting as the "stop car" during a drug investigation, and an occupant[1] of that vehicle reportedly possessed or sold drugs.  A vehicle matching that description passed him on the road, and Hemingson noted the windows were so darkly tinted, he couldn't see into them.  He determined the window tinting violated Iowa law and began following the vehicle, which stopped in a parking lot.  He pulled his squad car behind the Maxima.

While still in his own vehicle, he saw two individuals get out of the Maxima but could not tell if one was the driver.  He "[i]nitiated a traffic stop on the vehicle" by turning on his flashing lights.  The encounter was recorded on Hemingson's body camera and the squad car's dashboard camera.  On the video, flashing lights are visible on the scene.

The two individuals began walking away.  Hemingson got out of his car and told them, "Stop right there, guys.  Come here."  At the time, Hemingson was wearing street clothes with a police vest and a badge.  One of the individuals

---

[1] Hemingson testified he was not informed of the exact number of people that would be in that car nor anything about their physical appearance or identity.

responded, "What?" and kept walking away. Hemingson said, "Go back to the car please." When they kept walking, Hemingson repeated, "Hey, come here." Hemingson was simultaneously calling the stop into dispatch. When the two men refused to stop, Hemingson told the dispatcher "people are not stopping for me," exited the squad car, and started after them. At the same moment, the dashboard camera shows a woman emerging from the driver's seat of the Maxima. Outside the car, Hemingson again said, "Stop right there, come back here." The individual later identified as Worden took off down the alley. Hemingson pursued him, calling "police" and "stop" again.

Worden approached a seven-foot-tall fence with a gate. Hemingson saw him use his keys to unlock the gate, open it, and then close the gate behind him. Hemingson testified he thought the gate was locked, so he began scaling the fence, but the gate was not secured and "popped open" again, allowing Hemingson to pass through.

A short distance away from the gate, Worden stopped and turned around to face the officer. Worden had his hands in his pockets, and Hemingson told him to get down on the ground. Hemingson then "[took Worden] to the ground" and told him to get his hands out of his pockets. Hemingson "force[d] [Worden's] arms behind his back to place him in handcuffs."

A search incident to Worden's arrest revealed a bag of cocaine. The State charged him with possession of a controlled substance, third violation, in violation of Iowa Code section 124.401(5) (2022), and interference with official acts resulting in bodily injury to a peace officer, in violation of Iowa Code section 719.1(1)(c). The district court denied Worden's pretrial motion to suppress asserting an illegal

seizure.  Worden waived jury trial and stipulated to a bench trial on the minutes of testimony.  The court found Worden guilty as charged.  Worden appeals.

## II.  Analysis

Worden first challenges the constitutionality of his seizure under the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution.  Second, he asserts there was insufficient evidence to support his conviction for interference with official acts resulting in bodily injury.

### A.  Unlawful Seizure

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo."  *State v. Hauge*, 973 N.W.2d 453, 458 (Iowa 2022).  That review means we consider the entire record to independently evaluate the totality of the circumstances.  *Id.*  In doing so, we defer to the district court's fact determinations, such as credibility findings, but are not bound by them.  *Id.*  "In our review of the suppression ruling, we consider not only the evidence at the suppression hearing but also the evidence at trial."  *State v. Carter*, 696 N.W.2d 31, 36 (Iowa 2005).

Worden contends Hemingson lacked sufficient cause to seize him as he walked away from the parked car.  He asserts Hemingson should have known neither of the men walking away from the car were the driver because a woman eventually got out of the driver's seat.  He contends that because the alleged

probable cause for the stop was the tinted window violation, an offense committed by a driver,[2] there was no justification to stop anyone who was not the driver.

The dashboard camera shows a third person coming out of the driver's door right around the time when Hemingson began chasing after Worden. Hemingson testified he thought one of the two earlier individuals was the driver and did not see the woman coming out because he was more "oriented toward the two males that were walking away from the traffic stop." He didn't find out who the driver was until later when he watched the dash cam footage.

Worden insists it was unreasonable for the officer to believe he was the driver of the car. He points out that the video shows the brake lights were still illuminated on the Maxima, so a reasonable officer should have observed there was another person in the driver's seat. Thus, there was no cause to stop the two passengers who were walking away.

The State argues that Hemingson had initiated a traffic stop and had the ability to "freeze the scene" to investigate further and to protect his own safety. *See State v. Finch*, No. 02-1148, 2003 WL 22828750, at *4–5 (Iowa Ct. App. Nov. 26, 2003) (holding that "when a passenger immediately exits a lawfully stopped vehicle an officer may instruct the passenger to return to the vehicle" in the interest of officer safety).

Worden insists there was no traffic stop because the officer did not make a show of authority until the two men were walking away. The supreme court has said, "Generally, police officers have probable cause to stop a motorist if they

---

[2] The statute prohibits "[a] person" from "operat[ing]" a car with excessively tinted windows. Iowa Code § 321.438(2).

witness the motorist commit a traffic violation." *State v. Warren*, 955 N.W.2d 848, 860 (Iowa 2021). Police officers may stop the driver of a vehicle for a traffic violation even after the driver has parked and exited the vehicle. *See id.* at 859–61; *see also id.* at 860 (declining to distinguish between parking and traffic violations when law enforcement seizes a motorist). When Hemingson turned on his flashing lights to investigate the window tint, the vehicle was seized and the passengers walking away were subject to the officer's control under the reasoning cited in *Finch*. *See* 2003 WL 22828750, at *3–5. For the same reasons, we agree that Hemingson had probable cause to stop the vehicle and authority to instruct the passengers to stop fleeing the scene. Hemingson testified, apparently credibly, that he thought one of the two men was the driver and that he did not know the driver was still in the vehicle. He tried to detain them to find out who was the driver. Thus, the court did not err in denying the motion to suppress the evidence resulting from the seizure.

## B. Sufficiency of the Evidence

Worden next challenges the sufficiency of the evidence supporting his conviction for interference with official acts resulting in bodily injury.

> We evaluate sufficiency-of-the-evidence claims for substantial evidence, upholding a verdict if substantial evidence supports it. "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." We view "the evidence in the light most favorable to the verdict, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record."

*Warren*, 955 N.W.2d at 856 (citations omitted). "[F]indings of fact in jury-waived cases shall have the effect of a special verdict." *Id.* at 857 (quoting Iowa R. App. P. 6.907). "The district court's finding of guilt is binding upon us unless we find

there was not substantial evidence in the record to support such a finding." *Id.* (quoting *State v. Torres*, 495 N.W.2d 678, 681 (Iowa 1993) (en banc)).

A person is guilty of interference with official acts resulting in bodily injury if the person knowingly resists or obstructs anyone known by the person to be a peace officer in the performance of a lawful act and the interference results in bodily injury other than serious injury. *See* Iowa Code § 719.1(1)(c).

Worden challenges the resistance-or-obstruction and the bodily injury elements. On the bodily injury element, Worden argues the State didn't prove the cuts on Hemingson's hand resulted from Worden's interference. The district court found "in the performance of his lawful duty, Hemingson sustained minor cuts to the palm of his right hand." Worden asserts the statute requires that the injury be causally related to the interference, not just something that happened during or after it. Hemingson provided no testimony about his injury but did describe how he had to "take [Worden] to the ground and . . . force his arms behind his back to place him in handcuffs." The criminal complaint notes that "[d]uring the foot pursuit officers sustained minor injuries." On an offense report, a different officer noted, "Officer Hemingson had to conduct a takedown on the arrested party, getting a minor cut on the palm of his right hand." It is reasonable to infer that because Hemingson reported he received the injury during the active pursuit and arrest of Worden, that Worden's failure to comply with Hemingson's commands caused the injury. Taken in the light most favorable to the verdict, we find a rational trier of fact could reach that conclusion beyond a reasonable doubt. Thus, the court's finding is supported by substantial evidence.

On the resistance-or-obstruction element, Worden argues that interference requires more than passive resistance. "It is sufficient if the person charged engaged in actual opposition to the officer through the use of actual or constructive force making it reasonably necessary for the officer to use force to carry out his duty." *State v. Donner*, 243 N.W.2d 850, 854 (Iowa 1976). "'[O]bstruct' is more broad than 'resist,' and includes putting obstacles in the path of officers completing their duties." *State v. Hauan*, 361 N.W.2d 336, 339 (Iowa Ct. App. 1984).

The district court found Worden committed interference by refusing to remove his hands from his pockets when directed to by Hemingson. Substantial evidence supports that conclusion. Hemingson testified Worden did not listen to his instruction to remove his hands from his pockets and that Worden continued to try to access his pocket after he had been arrested. *See generally State v. Anderson*, No. 07-0415, 2007 WL 4322204 (Iowa Ct. App. Dec. 12, 2007) (finding resistance by refusing to take hand out of pocket). We also find that Worden placed a physical "obstacle in the path of [Hemingson] completing" his duty by closing the locking fence gate as Hemingson chased him. Hemingson was obstructed when he believed he had to climb the seven-foot fence in pursuit of Worden. Substantial evidence supports the court's findings on this charge. Thus, the verdict binds us on appeal, and we must affirm.

Finding no meritorious grounds in this appeal, we affirm the convictions.

**AFFIRMED.**