**STATE of Iowa, Appellee,**

v.

**Larry Richard SMITHSON, Appellant.**

No. 98–77.

Supreme Court of Iowa.

April 28, 1999.

Rehearing Denied May 25, 1999.

Jerry Crawford and J.D. Hartung of Crawford Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, John P. Sarcone, County Attorney, and Ralph Marasco and Fred Gay, Assistant County Attorneys, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and CADY, JJ.

CARTER, Justice.

Defendant, Larry Smithson, appeals from a judgment convicting him of interference with official acts in violation of Iowa Code section 719.1 (1997). He contends that the evidence was insufficient to permit the jury to find that he had violated that statute and that the statute is void for vagueness. We reverse the conviction on the sufficiency-of-evidence grounds and, for that reason, do not consider the constitutional challenge to the statute.

On August 26, 1996, Des Moines police sergeant Debra Richardson received a telephone call from two patrol officers shortly before 11 p.m., seeking assistance in quelling loud music at the club Papa's Planet on Court Avenue. On this evening, it was sponsoring a special event celebrating the Iowa Barnstormers' football game in the Arena Bowl. The club features live music in an outdoor patio area. Residents of the nearby Plaza condominium complex had complained to Des Moines police that the music coming from Papa's Planet was too loud.

Sergeant Richardson testified that she arrived at the club in uniform and asked a bouncer to speak to the person in charge. Smithson, who was the owner and manager, came forward and introduced himself. Officer Richardson informed Smithson of the noise complaint and asked him to turn down the volume of the music. It was her further testimony that this request was ignored by Smithson.

Officer Richardson then made her way through the interior portion of the nightclub and exited the door leading into the outside patio area. She went onto the stage and directed the band to quell the loud music. It is disputed in the testimony whether she also told them to cease their

performance for the evening. It appears without dispute, however, that it was then after 11 p.m., that the club's permit for outdoor entertainment only extended to 11 p.m. on weekday evenings, and that the events in question took place on a Monday night.

Officer Richardson testified that her efforts were met with derision by Smithson and that he also took the stage, grabbed a microphone, and led the crowd in an obscene chant containing inflammatory references to the Des Moines Police Department. That conduct, she stated, caused her to abate her effort and call for backup.

Officer Greg Westemeyer, who had observed the events in the patio area through a steel gate while standing on the sidewalk outside the club, corroborated Richardson's testimony concerning Smithson's conduct. Several witnesses called by Smithson testified that they had been present at the time these events occurred and that it was a person other than Smithson who had taken the stage and incited the crowd.

As a result of the events that evening, Smithson was charged with a violation of the city's noise ordinance, disorderly conduct, and interference with official acts. The jury acquitted him on the disorderly conduct charge and convicted him of violating the noise ordinance and of interference with official acts. This appeal only involves the latter conviction.

The trial information against Smithson on the charge of interference with official acts alleged:

COMES NOW John P. Sarcone, as prosecuting attorney . . ., and accuses LARRY RICHARD SMITHSON of committing . . .
COUNT I: INTERFERENCE WITH OFFICIAL ACTS: In violation of Section 719.1 of the Code of Iowa, by un-lawfully and willfully resisting and/or obstructing a peace officer SGT. DEBBIE RICHARDSON with the DES MOINES POLICE DEPARTMENT *by not turning down the music at the officer's request* in the performance of an act within the scope of her lawful duty or authority. (Serious Misdemeanor)

(Emphasis added.) Defendant based his motion for directed verdict on the elements of the statutory crime. The statute under which he was charged provides:

A person who knowingly resists or obstructs anyone known by the person to be a peace officer, emergency medical care provider under chapter 147A, or fire fighter, whether paid or volunteer, in the performance of any act which is within the scope of the lawful duty or authority of that officer . . . commits a serious misdemeanor.

Iowa Code § 719.1(1).

In discussing this language, two commentators who participated in the 1978 Code revision state:

The language of [section 719.1] was chosen because it conveys the idea of active interference, with the drafting committee rejecting more passive language such as "object" or "fail to cooperate."

John L. Yeager & Ronald L. Carlson, *Criminal Law and Procedure* § 422 (Supp.1998). These authors point out that the criminal offense relating to failure to cooperate with law enforcement officers is found in Iowa Code section 719.2.[1] *Id.* § 423.

Defendant asserts that he may not be convicted under section 719.1(1) based on a failure to cooperate with the police in turning the music down or off. In resisting that contention, the State seizes on the

---

1. That statute provides:

Any person who is requested or ordered by any magistrate or peace officer to render the magistrate or officer assistance in making or attempting to make an arrest, or to prevent the commission of any criminal act, shall render assistance as required. A person who, unreasonably and without lawful cause, refuses or neglects to render assistance when so requested commits a simple misdemeanor.

Iowa Code § 719.2.

language in subsection 3 of section 719.1 that states:

> The terms *"resist"* and *"obstruct,"* as used in this section, do not include verbal harassment unless the verbal harassment is accompanied by a present ability and apparent intention to execute a verbal threat physically.

Iowa Code § 719.1(3). It urges that the jury could have found that Smithson, either through his own acts or by inciting the crowd to riot, exhibited an apparent intent and present ability to physically execute verbal threats toward the officer. The State relies in this regard on the theory of constructive resistance recognized in *State v. Donner*, 243 N.W.2d 850, 854 (Iowa 1976) (finding it sufficient if person charged engaged in actual opposition to the officer using actual or constructive force). We need not decide that contention because clearly this was not the theory under which the State prosecuted the case in the district court.

The State's theory of guilt under the trial information was based entirely on Smithson's failure to turn down the music at the officer's request. Evidence concerning the obscene chant allegedly led by Smithson was utilized by the State solely in connection with the disorderly conduct charge of which Smithson was acquitted. That was true at all stages of the trial, including the conference on jury instructions.

■ If a trial information simply charges a violation of a statute in general terms without specifying the manner in which the offense was committed, the State may prevail by showing that the evidence is sufficient under any available theory. *State v. Hochmuth*, 256 Iowa 442, 445, 127 N.W.2d 658, 659 (1964). However, when a crime may be committed in different ways and the State specifies one way, the offense must be proved to have been committed in the manner charged. *State v. Pexa*, 574 N.W.2d 344, 347 (Iowa 1998); *State v. Willet*, 305 N.W.2d 454, 457 (Iowa 1981).

■ Applying these principles to the present facts, we believe the State's case must rise or fall on whether Smithson's failure to turn down the music at the officer's request constituted a violation of section 719.1. Based upon the language of the statute, its legislative history, and the authorities that we have discussed, we conclude that it may not. Smithson's motion for a directed verdict should have been granted.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded for the entry of a judgment of acquittal.

**REVERSED.**